IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 12-cv-00902-BNB

MIKEAL GLENN STINE,

    Plaintiff,

v.

U.S. FEDERAL BUREAU OF PRISONS,
DR. CHRISTOPHER WILSON, ADX,
DR. DAVID ALLRED, Clinical Director,
MR. ROGERS, EMT, ADX
BLAKE DAVIS, Warden, ADX,
MR. MUNSON, Associate Warden, ADX,
HON. LEWIS T. BABCOCK, Judge,
HON. KRISTEN L. MIX, Magistrate Judge,
HON. CRAIG B. SHAFFER, Magistrate Judge,
HON. BOYD BOLAND,
HON. ZITA L. WEINSHIENK, Judge,
HON. PHILIP A. BRIMMER, Judge,
MS. AMY L. PADDEN, Attorney,
MR. J. BENEDICT GARCIA, Attorney, and
JOHN DOES,
MARCIA S. KRIEGER, Judge,
RICHARD P. MATSCH, Judge,
JOHN L. KANE, Judge,
CHRISTINE M. ARGUELLO, Judge,
MICHAEL J. WATANABE, Magistrate Judge,
MICHAEL J. HEGARTY, Magistrate Judge,
KATHLEEN M. TAFOYA, Magistrate Judge,
DAVID L. WEST, Magistrate Judge, and
GUDRUN J. RICE, Magistrate Judge,

    Defendants.

## DENIAL OF PETITION

**Blackburn, J.**

    Applicant, Mikeal Glenn Stine, is in the custody of the United States Bureau of

Prisons (BOP) and currently is incarcerated at ADX Florence. Mr. Stine, acting *pro se*,

has filed a "Petition Pursuant to Court Seeking Leave to File a Pro-Se Action," an Affidavit, and a Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. §§ 1331.

The Court has reviewed the documents Mr. Stine has filed and finds that he has not complied with the requirements of his filing restrictions under *Stine v. Lappin, et al.*, No. 07-cv-01839-WYD-KLM, Doc. No. 344 at 30-32(D. Colo. Sept. 1, 2009). Mr. Stine is required to submit three separate documents that include specific information, including (1) the Petition Pursuant to Court Order; (2) an affidavit; and (3) a prisoner complaint form that contains the claims he desires to raise. Based on the following findings, Mr. Stine will be denied leave to proceed with this action.

The information Mr. Stine is required to state in the Petition Pursuant to Court Order is very specific. The Petition is to include a statement advising the Court if any defendant to the lawsuit was a party, or any way involved in, any prior lawsuit that Mr. Stine has filed and if so in what capacity. Mr. Stine is to list separately all lawsuits he has filed in any federal or state court in which he was a party, and include the following: (1) the name and citation of the case; (2) the jurisdiction; (3) his involvement in each case; (4) the status of the case; and (5) the disposition of the case.

Mr. Stine also is to list (1) all federal and state cases in which a judgment was rendered against him and (2) all federal and state cases in which judgment was entered in his favor, if any. In each list, he is to include the citation of each case, the amount of the judgment, and if and why any judgment remains outstanding.

The Petition contains two sections. One section is titled "Statemet [*sic*] of Facts" and the other is titled "Showing Any Named Defendants Position in any Prior Actions," (Attach. A). Although both sections identify previous cases that Mr. Stine has filed, the

information provided in the sections fails to comply with the restrictions set forth in Case No. 07-cv-01839-WYD-KLM, Doc. No. 344 at 30-31.

First, Paragraph (1) of the filing restrictions requires that Mr. Stine provide a statement and three separate lists. The Petition does not include a statement and three separate lists.

Second, rather than complying with the specifics of his filing restrictions and provide only the information identified above, on Pages Twelve through Fifteen of the Petition, Mr. Stine challenges the findings of Case No. 12-cv-00547 and his inability to file a request for injunctive relief. On Pages Fourteen through Fifteen, Mr. Stine also requests an expedited evidentiary hearing during which he would be allowed to address his need for injunctive relief. Part of Mr. Stine's filing restriction requires that he "shall not file any motions or other pleadings pertaining to the Petition unless directed to do so." Case No. 07-cv-01839-WYD-KLM, Doc. 344 at 31. Mr. Stine may not circumvent the restriction by inserting the request for a hearing and injunctive relief in the Petition.

Third, Mr. Stine failed to list *Stine v. Newton, et al.*, No. 12-cv-00259-LTB (D. Colo. Feb. 8, 2012), in his list of previous cases that he has filed. Case No. 12-cv-00259-LTB was transferred to this Court by the United States District Court for the District of Columbia and was dismissed as repetitious of Case No. 11-cv-02665-LTB. Mr. Stine attempted to file Case No. 12-cv-00259-LTB in a different court, *Stine v. Newton*, No. 12-cv-00024-UNA (D. D.C. Jan. 10, 2012), to circumvent his filing restrictions in this Court.

Finally, Mr. Stine does not provide "a statement advising the Court whether any defendant to the lawsuit was a party to, or was any way involved in, any prior lawsuit involving Plaintiff and, if so, in what capacity, " as directed to do in Paragraph (1)(a) of

the filing restrictions, *see* Case No. 07-cv-01839-WYD-KLM, Doc. 344 at 30.  Even if the Court construes the section titled, "Showing any Named Defendants Position in any Prior Actions," (Attach. A), as Mr. Stine's attempt to comply with Paragraph (1)(a), Mr. Stine fails to identify in this section that Christopher Wilson, who he names as a defendant in the complaint he seeks to file in this action, was named in both Case No. 12-cv-00259-LTB and Case No. 11-cv-02665-LTB.  Mr. Stine also fails to state in what capacity Mr. Wilson was involved in either of the previous cases.  For the most part, Attachment A does not state in what capacity named defendants were involved in prior cases.

The Court further notes that Mr. Stine also fails to comply with Paragraph (1)(c) and (d) of the filing restrictions.

Based on the above findings, Mr. Stine has failed to comply with the injunction set forth in Case No. 07-cv-01839-WYD-KLM.  The Petition, therefore, will be denied.

THEREFORE, IT IS ORDERED that the "Petition Pursuant to Court Order Seeking Leave to File a Pro-Se Action," Doc. No. 1, is **DENIED** without prejudice.

Dated May 1, 2012, at Denver, Colorado.

                                                **BY THE COURT:**

                                                */s/ Robert E. Blackburn*
                                                Robert E. Blackburn
                                                United States District Judge